IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RAVAN SLAPE, | No. C 15-01506 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| TIM PEREZ, Warden, California Institute for Men, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.

**BACKGROUND**

Petitioner was found guilty by a jury in Humboldt County Superior Court of assault, sexual battery, and a forcible act of sexual penetration (Cal. Penal Code §§ 242, 243.4(c), and 289(d)(4)). (Pet. at 2.) In August 2014, Petitioner was sentenced to seven years in state prison. (Id. at 1.) Petitioner appealed his verdict, and the state appellate court affirmed his conviction. (Id. at 3.) Petitioner admits that he did not seek review in the California Supreme Court. (Id.) Petitioner also admits that he

Order of Dismissal
P:\PRO-SE\EJD\HC.15\01506Slape_dism (exh).wpd

did not file any other petition, application or motion in any court. (Id.) Petitioner also admits that the grounds raised in the instant habeas petition are different from the grounds raised in his appeal.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted); and (2) no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before a petitioner may challenge either the fact or length of his confinement in a habeas petition in this Court, he must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

The petition contains four claims, all of which Petitioner admits were not presented to the state high court. (Compl. at 3 and 5-6.) Petitioner claims that his failure to exhaust is due to ineffective assistance of appellate counsel. However, appellate counsel's failure to raise these claims on appeal does not excuse Petitioner from presenting the claims in the instant petition to the California Supreme Court. Accordingly, this petition must be DISMISSED for failure to exhaust all claims.

Order of Dismissal
P:\PRO-SE\EJD\HC.15\01506Slape_dism (exh).wpd 2

## CONCLUSION

The instant petition is DISMISSED for failure to exhaust state court remedies. See Rose, 455 U.S. at 510. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies.

DATED: 5/20/2015



EDWARD J. DAVILA
United States District Judge